[Civ. No. 8830.   Second Appellate District, Division One.—September 19, 1934.]

GRACE LUDERS, Appellant, v. SECURITY TRUST AND SAVINGS BANK (a Corporation), as Executor, etc., Respondent.

Frank G. Tyrrell for Appellant.

Harry A. Chamberlin for Respondent.

CONREY, P. J.—Administration of the Estate of Marie Lagier, deceased, has been pending in the superior court since the probate of the will and appointment of executor on June 16, 1927. On July 21, 1927, the plaintiff presented to the executor for approval a creditor's claim and

the same was rejected by the executor on July 30, 1927, notice thereof being given to plaintiff on August 1, 1927. This action to recover on such rejected claim was commenced by complaint filed June 27, 1932. Pursuant to the order sustaining demurrer to the complaint, judgment was entered in favor of the defendant. From this judgment plaintiff has appealed, and the appeal is presented on the judgment roll.

At the time of the presentation and rejection of said claim and until August 14, 1931 (when the present Probate Code became effective), the proceedings required to establish a creditor's claim were defined by the Code of Civil Procedure, which provided that upon rejection and notice of rejection of a creditor's claim against a decedent's estate, "the holder must bring suit in the proper court against the executor or administrator within three months after the date of service of such notice if the claim be then due or within two months after it becomes due, otherwise the claim shall be forever barred". (Code Civ. Proc., sec. 1498.)

Appellant attempts to avoid the application of the prescribed limitation to the facts of this case by the assertion that when presented the claim was contingent and not due, and that the action was commenced within two months after the claim became due. This contention presents the only issue necessary to be determined on this appeal. The facts upon which appellant bases her contention that the claim was contingent are set out in the claim which was presented and which is a part of the complaint in this action. In effect, the claim was that in executing her last will and testament which has been admitted to probate, the decedent violated an agreement which she had made with the plaintiff that she would devise and bequeath her entire estate to the plaintiff; that at the time of the presentation of the claim, there was pending and undetermined an action wherein this plaintiff was seeking to enforce against the executor and other parties in interest a trust arising out of the above-mentioned agreement, and to compel a conveyance of said estate to the plaintiff. By reason of the pendency undetermined of said action, the plaintiff, in presenting her said claim as well as in prosecuting the present action, has insisted that these facts gave to her claim a contingent

nature which excused the commencement of this action until the judgment in the other pending action became final. That other controversy terminated in a judgment against the plaintiff, which judgment was affirmed and became final on the second day of May, 1932, when the Supreme Court denied a rehearing thereof. This action was commenced within two months after that date. The decision on appeal in that action (*Luders* v. *Security Trust & Savings Bank et al.*) will be found in 121 Cal. App. 408 [9 Pac. (2d) 271].

We are of the opinion that the claim was not contingent, but on the contrary, if valid at all, was absolute at the time it was presented. ▮▮ There was extraneously a contingency created by the claimant when she commenced the action to enforce the alleged trust. But that contingency was merely an incident to her own voluntary acts in proceeding upon the theory which she adopted in attempting to enforce that remedy. She could not change the nature of the existing claim by prosecuting a doubtful action, other than an action upon the rejected claim.

For the foregoing reasons the judgment is affirmed.

York, J., concurred.

Houser, J., deeming himself disqualified, took no part in this decision.